UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORRIS WEATHERSPOON,

    Plaintiff,

v.

    Case No. 1:14-cv-707

    HON. JANET T. NEFF

JAY CHOI, et al.,

    Defendants.
_____/

**OPINION AND ORDER**

In July 2014, pursuant to 42 U.S.C. § 1983, Plaintiff filed this prisoner civil rights action against numerous identified and unidentified individuals. The Defendants remaining in this case filed motions for summary judgment (ECF Nos. 162 & 164), and Plaintiff also moved for summary judgment in his favor (ECF No. 206). The Magistrate Judge issued a Report and Recommendation (R&R), recommending that Defendants' motions be granted, Plaintiff's motion be denied, and this action terminated. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (ECF No. 223). Defendants Choi and Santiago filed a response (ECF No. 229), with which Defendants Busman, Caler, Castor, Desjarden, Enz, Heard, Johnson, Johnston, Lorentz, Miller, Oetman, Perez and Wood concurred (ECF No. 230). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

The sole remaining claims in this case are Plaintiff's Eighth and Fourteenth Amendment claims arising from "the mental health panel proceedings that resulted in a finding of mental illness and the resulting forced medication" (Op., ECF No. 13 at PageID.224). The Magistrate Judge concluded that the evidence reveals that Defendants acted in accordance with Plaintiff's due process rights (R&R, ECF No. 219 at PageID.1719). As to Plaintiff's Eighth Amendment claim, the Magistrate Judge determined that Plaintiff presented "no evidence even suggesting that the care he received, while unwanted, was grossly incompetent, inadequate, excessive, or intolerable" (*id.*).

Plaintiff's ten objections[1] contain essentially two arguments in opposition to the Magistrate Judge's recommendations on his claims. First, Plaintiff argues that his due process rights were "actually violated" because Defendants "posed" as mental health providers and cannot prove they are licensed and properly qualified to comprise a mental health panel, as required by state law (ECF No. 223 at PageID.1729-1730; ECF No. 223-1 at PageID.1732; ECF No. 223-2 at PageID.1734-1735; ECF No. 223-4 at PageID.1742; ECF No. 223-5 at PageID.1744-1745). Second, Plaintiff argues that he was not lawfully part of the mental health program because there is no signed consent to treatment and he is "not mentally ill" and did "not need and want mental health treatment and medication but was actually framed" (ECF No. 223 at PageID.1730; ECF No. 223-1 at PageID.1731-1733; ECF No. 223-2 at PageID.1734, 1736; ECF No. 223-3 at PageID.1737-1739; ECF No. 223-4 at PageID.1740-1741; ECF No. 223-5 at PageID.1743-1745; ECF No. 223-6 at PageID.1746-1747).

---

[1] Plaintiff's objections are contained within the main document (ECF No. 223) as well as its six attachments (ECF No. 223-1 through ECF No. 223-6).

In response, Defendants point to evidence in the record and attached to Plaintiff's complaint that both Choi and Santiago are licensed psychiatrists (ECF No. 229 at PageID.1771). Defendants also point out that the evidence submitted by Plaintiff and attached to his Complaint demonstrates the established procedures were followed in this case (*id.* at PageID.1772). Defendants otherwise generally assert that Plaintiff's conspiracy allegations are unfounded and contrary to his medical records (*id.* at PageID.1773-1776).

Plaintiff's objections are properly denied. The Magistrate Judge carefully and thoroughly considered the record, the parties' arguments, and the law governing Plaintiff's Eighth and Fourteenth Amendment claims. Further, the Magistrate Judge properly analyzed the factual and legal support for Plaintiff's claim. The assertions in Plaintiff's objections do not persuade the Court otherwise. Rather, Plaintiff's objections merely reiterate the positions he adopted in his motion papers, without demonstrating any factual or legal error in the Magistrate Judge's analysis that would warrant rejecting the Magistrate Judge's ultimate conclusion that there is no genuine issue of material fact on the critical elements of Plaintiff's claims. For the reasons stated in the Report and Recommendation, the Court agrees that Defendants are entitled to the relief they seek.

Accordingly, the Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court and enter a Judgment consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007). Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 223) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 219) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants Choi and Santiago's Motion for Summary Judgment (ECF No. 162) is GRANTED.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 164) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 206) is DENIED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: September 8, 2017 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge